1
2
3
4
5
6
7
8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    MARINA RIOS RANGEL,                    CASE NO. CV F 09-1035 LJO GSA

12                  Plaintiff,               **ORDER ON DEFENDANTS' MOTIONS TO
                                             DISMISS** (Docs. 4,6)
13              vs.

14    DHI MORTGAGE COMPANY, LTD.,
      et al.,
15
                     Defendants.
16    _____/

17

18                            **<u>INTRODUCTION</u>**

19          Defendants, lender DHI Mortgage Company, Ltd. ("DHI Mortgage") and deed of trust trustee

20    Chicago Title Company ("Chicago Title") (collectively "defendants"), move separately to dismiss as

21    meritless pro se plaintiff Marina Rios Rangel's ("Ms. Rangel's'") 13 claims arising from default and

22    foreclosure on her first mortgage which was secured by a deed of trust on real property located at 644

23    Mt. Rushmore Drive, Newman, California 95360; APN: 026-061-034 ("property"). Ms. Rangel failed

24    to oppose both motions to dismiss. This Court considered defendants' Fed. R. Civ. P. 12(b)(6) motions

25    to dismiss on the record and VACATES the July 28 and July 30, 2009 hearings, pursuant to Local Rule

26    78-230(c), (h). For the reasons discussed below, this Court DISMISSES this action against DHI

27    Mortgage and Chicago Title and ORDERS Ms. Rangel to show cause why this Court should not dismiss

28    all defendants in this action no later than July 30, 2009.

                                          1

# BACKGROUND

## Ms. Rangel's Loans And Default

On September 1, 2005, Mr. Rangel purchased the property with funds obtained from DHI Mortgage's first mortgage, and secured by a deed of trust and promissory note.  A December 4, 2008 notice of default and intention to sell was recorded for the property with the Stanislaus County Recorder.

## Ms. Rangel's Claims

Ms. Rangel's complaint challenges the mortgage industry's practice of sub-prime lending.  Ms. Rangel alleges that defendants participated in "unethical business practices" and "violated both State and Federal Law" by selling and distributing loans "that would ultimately be sold to unqualified applicants."  Ms. Rangel contends that defendants had information that "reflected her inability to pay for the risky loan," and that "defendants knew or should have known [the sale of such loans] may result in foreclosure, absent serial refinancing into even higher cost loans."  The complaint further alleges:

> These loans were neither proper nor suitable for [plaintiff's'] condition and station in life.  These loans exceeded the reasonable expected value of the property at that time and in the foreseeable future, based upon expected market changes.  Those loans were an attempt to acquire mortgage broker premiums, appraiser fees, lender service fees and sub-prime loans, all to the advantage of the defendants and disadvantage of the plaintiff.  T his was done as a group of individuals in this industry through concerted action or through civil conspiracy, all to the disadvantage of the Plaintiff.

On March 24, 2009, Ms. Rangel filed her complaint ("complaint") in the Stanislaus County Superior Court to allege the following causes of action against defendants[1]:

1.  Suitability
2.  Negligence
3.  Negligence Per se
4.  Breach of Fiduciary Duty
5.  Negligent Misrepresentation
6.  Intentional Misrepresentation
7.  Breach of the Covenant of Good Faith and Fair Dealing
8.  Failure to Produce the Notes
9.  Unfair Lending Practices
10. Restoral of Good Credit History
11. Violation of Cal. Civ. Code 2923.5
12. Fraud
13. Wrongful Foreclosure

---

[1]   In addition to DHI Mortgage and Chicago Title, the complaint names as defendants Mortgage Electronic Registration Systems, America's Servicing Company, NDEX West, LLC, Wells Fargo, HSBC Bank USA, and Citimortgage.  Each  defendant is either a loan service provider or deed of trust provider.  These defendants are "somewhere in the chain of loan service providers and [have] no other interest in this Note."

1   Ms. Rangel seeks to recover "personal, mental, physical and economic damages."

2   DHI Mortgage removed this action to this Court on June 11, 2009.  On June 22, 2009, Chicago

3   Title moved to dismiss this action.  DHI Mortgage moved to dismiss on June 22, 2009.  Ms. Rangel

4   failed to file oppositions papers to either motion.

5   **DISCUSSION**

6   **Pleading And Rule 12(b)(6) Motion Standards**

7   DHI Mortgage attacks Ms. Rangel's claims as incognizable and lacking necessary elements and

8   factual allegations.  A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the

9   sufficiency of the pleadings set forth in the complaint.  A Fed. R. Civ. P. 12(b)(6) dismissal is proper

10  where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged

11  under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

12  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the

13  allegations of the complaint in question, construes the pleading in the light most favorable to the party

14  opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546

15  F.3d 580, 588 (9th Cir. 2008); *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

16  (1969).

17  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief

18  that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

19  Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted

20  inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services*

21  *v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted).  "While a complaint

22  attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

23  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

24  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550

25  U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted).  Moreover, a court "will dismiss any

26  claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all

27  required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634

28  (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either direct or inferential allegations

3

1   respecting all the material elements necessary to sustain recovery under some viable legal theory."

2   *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d

3   1101, 1106 (7th Cir. 1984)).  If a plaintiff fails to state a claim, a court need not permit an attempt to

4   amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other

5   facts."  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

6       With these standards in mind, this Court turns to DHI Mortgage's challenges to Ms. Rangel's

7   claims.

8                                              **Suitability**

9       The complaint's (first) suitability claim alleges that "defendants breached their professional

10  duties and obligations by providing a sub-prime loan that was neither suitable nor appropriate for the

11  plaintiff's' personal financial condition and well-being."

12      DHI Mortgage notes that suitability is an incognizable claim by a borrower against a lender.

13  "The unsuitability doctrine is premised on New York Stock Exchange Rule 405-Know Your Customer

14  Rule FN3 and the National Association of Securities Dealers Rules of Fair Practice."  *O'Connor v. R.F.*

15  *Lafferty & Co., Inc.*, 965 F.2d 893, 897 (10th Cir. 1992).  DHI Mortgage further correctly notes that

16  California law does not extend the suitability doctrine to the mortgage lender-borrower relationship.

17  "Public policy does not impose upon the Bank absolute liability for the hardships which may befall the

18  [borrower] it finances."  *Wagner v. Benson*, 101 Cal.App.3d 27, 34, 161 Cal.Rptr. 516 (1980).  The

19  success of a borrower's investment "is not a benefit of the loan agreement which the Bank is under a

20  duty to protect."  *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516 (lender lacked duty to disclose "any

21  information it may have had").  For these reasons, Ms. Rangel's suitability claim fails as incognizable

22  against DHI Mortgage and Chicago Title.

23                                             **Negligence**

24      The complaint's (second) negligence claim alleges that defendants breached their "professional

25  services" duty in that "plaintiff was placed into a loan that were inappropriate for her personal financial

26  circumstances."  DHI Mortgage contends that the negligence claim fails in absence of "a legally

27  recognized duty that a lender has to a borrower."  "The elements of a cause of action for negligence are

28  (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause

                                                    4

1   between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333,

2   1339, 78 Cal.Rptr.2d 525 (1998) (citation omitted). "The existence of a legal duty to use reasonable care

3   in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential*

4   *Investments, Inc.,* 118 Cal.App.4th 269, 278, 12 Cal.Rptr.3d 846 (2004) (citation omitted).

5        DHI Mortgage correctly notes the absence of an actionable duty between a lender and borrower

6   in that loan transactions are arms-length and do not invoke fiduciary duties.  Absent "special

7   circumstances" a loan transaction "is at arms-length and there is no fiduciary relationship between the

8   borrower and lender."  *Oaks Management Corp. v. Superior Court*, 145 Cal.App.4th 453, 466, 51

9   Cal.Rptr.3d 561 (2006).  Moreover, a lender "owes no duty of care to the [borrowers] in approving their

10   loan.  Liability to a borrower for negligence arises only when the lender 'actively participates' in the

11   financed enterprise 'beyond the domain of the usual money lender.'" *Wagner*, 101 Cal.App.3d at 35, 161

12   Cal.Rptr. 516 (citations several cases).  "[A]s a general rule, a financial institution owes no duty of care

13   to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its

14   conventional role as a mere lender of money."  *Nymark v. Heart Fed. Savings & Loan Assn.*, 231

15   Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53 (1991).

16        DHI Mortgage further notes the absence of a lender's duty to ensure a loan is suitable for a

17   borrower.  "No such duty exists" for a lender "to determine the borrower's ability to repay the loan. . .

18   . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the

19   lender's protection, not the borrower's." *Renteria v. United States*, 452 F.Supp.2d 910, 922-923 (D. Ariz.

20   2006) (borrowers "had to rely on their own judgment and risk assessment to determine whether or not

21   to accept the loan").

22        The negligence claim lacks a recognized legal duty owed by DHI Mortgage or Chicago Title.

23   The complaint lacks allegations that Ms. Rangel relied on DHI Mortgage's loan processing to ensure

24   her ability to repay the loan.  The complaint further lacks facts of special circumstances to impose duties

25   on DHI Mortgage or Chicago Title in that the complaint depicts an arms-length home loan transaction,

26   nothing more.

27        DHI Mortgage contends that the economic loss doctrine further bars the negligence claim in that

28   Ms. Rangel seek only unrecoverable "purely economic damages."

1  "[P]laintiffs may recover in tort for physical injury to person or property, but not for purely

2  economic losses that may be recovered in a contract action." *W.R. Grace & Company*, 37 Cal.App.4th

3  1318, 1327, 44 Cal.Rptr.2d 305 (1995).  "In California, plaintiffs may seek remedies for strict liability

4  and negligence only for physical injury to person or property, and not for pure economic losses." *Cal.*

5  *Dept. Of Toxic Substances v. Payless Cleaners*, 368 F.Supp.2d 1069, 1084 (E.D. Cal. 2005) (citing *Seely*

6  *v. White Motor Co.*, 63 Cal.2d 9, 18-19, 45 Cal.Rptr. 17, 403 P.2d 145 (1965)).  "Therefore, unless

7  physical injury occurs, a plaintiff cannot state a cause of action for strict liability or negligence." *Payless*

8  *Cleaners*, 368 F.Supp.2d at 1084.

9  Since Ms. Rangel's alleged damages are economic, the economic loss doctrine further warrants

10  dismissal of the negligence claim.

11  **Negligence Per Se**

12  The complaint's (third) negligence per se claim alleges that defendants are "subject to California

13  Statutes and Provisions that govern and direct their conduct.  Plaintiff is a member of the class of

14  citizens of the State of California for whose benefit the Statutes and Codes are enacted, and for whose

15  protection the Statutes dealing with the Fair Lending Act under California Law are meant to provide."

16  DHI Mortgage contends that the negligence per se claim fails as a matter of law.  California

17  Evidence Code section 669(a) addresses negligence per se and provides that a presumption of failure to

18  exercise due care if:

19  1.  Defendant "violated a statute, ordinance, or regulation of a public entity";

20  2.  "The violation proximately caused death or injury to person or property";

21  3.  "The death or injury resulted from an occurrence of the nature which the statute,

22  ordinance or regulation was designed to prevent"; and

23  4.  "The person suffering the death or injury to his person or property was one of the class

24  of persons for whose protection the statute, ordinance, or regulation was adopted."

25  DHI Mortgage correctly notes that the negligence per se doctrine does not establish a cause of

26  action distinct from negligence.  "[A]n underlying claim of ordinary negligence must be viable before

27  the presumption of negligence of Evidence Code section 669 can be employed." *Cal. Service Station*

28  *and Auto. Repair Ass'n v. American Home Assurance Co.*, 62 Cal.App.4th 1166, 1178 (1998).  The

negligence per se doctrine assists as evidence to prove negligence. "[I]t is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages. In such circumstances the plaintiff is not attempting to pursue a private cause of action for violation of the statute; rather, he is pursuing a negligence action and is relying upon the violation of a statute, ordinance, or regulation to establish part of that cause of action." *Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal.App.3d 318, 333, 277 Cal.Rptr. 753 (1991).

DHI Mortgage correctly notes that in the absence of its viable duty, Ms. Rangel's negligence per se claim fails just as her negligence claim fails. DHI Mortgage further faults the negligence per se claim's failure to identify a specific statute that DHI Mortgage violated and the class of persons that the unidentified statute was intended to protect. DHI Mortgage is correct, and for these reasons, the negligence per se claim fails against DHI Mortgage and Chicago Title.

## Breach Of Fiduciary Duty

The complaint's (fourth) breach of fiduciary duty claim alleges that defendants breached their fiduciary duty to Ms. Rangel "to perform their duties, obligations and functions in a fair, upstanding, honest and forthright manner, to conduct themselves so that the plaintiff would experience the benefit or [sic] their professional education and training, and to place plaintiff's interests above and before the interest of the defendants."

DHI Mortgage points to the absence of a fiduciary duty between lender and borrower.

"The relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark*, 231 Cal.App.3d at 1093, n. 1, 283 Cal.Rptr. 53 (citing *Price v. Wells Fargo Bank,* 213 Cal.App.3d 465, 476-478, 261 Cal.Rptr. 735 (1989)). A commercial lender is entitled to pursue its own economic interests in a loan transaction. *Nymark*, 231 Cal.App.3d at 1093, n. 1, 283 Cal.Rptr. 53(citing *Kruse v. Bank of America,* 202 Cal.App.3d 38, 67, 248 Cal.Rptr. 217 (1988)). Absent "special circumstances" a loan transaction is "at arms-length and there is no fiduciary relationship between the borrower and lender." *Oaks Management*, 145 Cal.App.4th at 466, 51 Cal.Rptr.3d 561 ("the bank is in no sense a true fiduciary").

"[T]o plead a cause of action for breach of fiduciary duty, there must be shown the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any

7

1   one of these elements is fatal to the cause of action." *Pierce v. Lyman*, 1 Cal.App.4th 1093, 1101, 3

2   Cal.Rptr.2d 236 (1991).

3        In the absence of alleged special circumstances and a legal duty owed by DHI Mortgage or

4   Chicago Title, the breach of fiduciary duty claim fails.  For the reasons set forth above, the complaint

5   fails to demonstrate existence of a fiduciary duty.

6                    **Negligent And Intentional Misrepresentation**

7        The complaint's (fifth) negligent misrepresentation claim alleges that defendant breached their

8   duty "to provide accurate, truthful and complete information by failing to provide the information to the

9   plaintiff in a manner that they could understand" and "failed to provide all the information necessary for

10  the plaintiff to make a complete, accurate and well-thought decision."  The complaint's (sixth)

11  intentional misrepresentation claims alleges that defendants "intentionally misrepresented the nature of

12  loans."

13       DHI Mortgage and Chicago Title faults the negligent and intentional misrepresentation claims'

14  failure to meet Fed. R. Civ. P.  9's particularity requirement.

15       Fed. R. Civ. P. 9(b) requires a party to "state with particularity the circumstances constituting

16  fraud."[2]  In the Ninth Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s

17  particularity requirements." *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D.

18  Cal. 2003).  A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Fed. R.

19  Civ. P. 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107

20  (9th Cir. 2003).  A motion to dismiss a claim "grounded in fraud" under Fed. R. Civ. P. 9(b) for failure

21  to plead with particularity is the "functional equivalent" of a Fed. R. Civ. P. 12(b)(6) motion to dismiss

22  for failure to state a claim. *Vess*, 317 F.3d at 1107. As a counter-balance, Fed. R. Civ. P. 8(a)(2) requires

23  from a pleading "a short and plain statement of the claim showing that the pleader is entitled to relief."

24       Fed. R. Civ. P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's

25  _____

26       [2]      F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court
    will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the
27  Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess
    v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir.
28  1995)(italics in original)).

requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged).

As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D. Ca. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp. 1427, 1433 (N.D. Ca. 1988)).

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377 (1996). The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance. *Caldo v. Owens-Illinois,*

1  *Inc.*, 125 Cal.App.4th 513, 519, 23 Cal.Rtpr.3d 1 (2004).

2      "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and

3  specifically, all of the elements of the cause of action. *Conrad v. Bank of America*, 45 Cal.App.4th 133,

4  156, 53 Cal.Rptr.2d 336 (1996). There must be a showing "that the defendant thereby intended to induce

5  the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff

6  actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment."

7  *Conrad*, 45 Cal.App.4th at 157, 53 Cal.Rptr.2d 336.

8      The complaint is severely lacking and fails to satisfy Fed. R. Civ. P. 9(b) "who, what, when,

9  where and how" requirements as to DHI Mortgage, Chicago Title, and the other defendants. *See*

10 *Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991) (a

11 plaintiff asserting fraud against a corporate employer must "allege the names of the persons who made

12 the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said

13 or wrote, and when it was said or written.") The complaint fails to establish fraud elements. The fraud

14 allegations do not target particular defendants, and the complaint's global approach is unsatisfactory.

15 The fraud claims' deficiencies are so severe to suggest no potential improvement from an attempt to

16 amend. Accordingly, the fifth and sixth causes of action are dismissed against DHI Mortgage and

17 Chicago Title.

18                    **Breach Of The Implied Covenant Of Good Faith And Fair Dealing**

19     The complaint's seventh claim alleges that defendants breached the covenant of good faith and

20 fair dealing with Ms. Rangel which required defendants to "deal fairly and in good faith with the plaintiff

21 and not seek to take an undue advantage of the plaintiff in their weakened bargaining position and with

22 their lesser knowledge, skill, education and ability regarding the loan transactions."

23     DHI Mortgage notes the uncertainty whether the claim proceeds under contract or tort law.

24                                          ***Contract***

25     "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing

26 is the existence of a contractual relationship between the parties, since the covenant is an implied term

27 in the contract." *Smith v. City and County of San Francisco*, 225 Cal.App.3d 38, 49, 275 Cal.Rptr. 17

28 (1990). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the

1    express terms of the contract, and cannot be extended to create obligations not contemplated by the

2    contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1093-1094, 8 Cal.Rptr.3d

3    233 (2004) (citation omitted.)  "Without a contractual relationship, [a plaintiff] cannot state a cause of

4    action for breach of the implied covenant." *Smith*, 225 Cal.App.3d at 49, 275 Cal.Rptr. 17.

5           DHI Mortgage correctly notes the absence of allegations to identify a particular contract or

6    breach.  The complaint references "oral and/or written agreements with all defendants" but fails to

7    specify or detail such agreements.  The complaint's conclusory allegations fail to support a contractual

8    relationship upon which to base an alleged breach of the implied covenant of good faith and fair dealing.

9    DHI Mortgage further faults the breach of implied covenant of good faith and fair dealing claim for

10   addressing alleged wrongs prior to contract formation.  DHI is correct that it could not have breached

11   a contractual obligation prior to contract formation.  The Court notes an absence of facts related to

12   Chicago Title, as well.  As such, a purported claim under contract law fails.

### *Tort*

14          DHI Mortgage further attacks the breach of covenant of good faith and fair dealing claim's

15   failure to allege a special relationship to invoke tort liability.  "Generally, no cause of action for the

16   tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in

17   a 'special relationship' with 'fiduciary characteristics.'" *Pension Trust Fund v. Federal Ins. Co.*, 307

18   F.3d 944, 955 (9th Cir. 2002) (applying California law).  "Moreover, even if there were a contractual

19   relationship between the parties, [a plaintiff] have pled no facts establishing a 'special relationship'

20   between them which could justify extending tort liability for bad faith to the present context." *Smith*,

21   225 Cal.App.3d at 49, 275 Cal.Rptr. 17.

22          The "implied covenant tort is not available to parties of an ordinary commercial transaction

23   where the parties deal at arms' length." *Pension Trust Fund*, 307 F.3d at 955.  California courts do not

24   invoke a special relationship between a lender and borrower.  *See Kim v. Sumitomo Bank*, 17

25   Cal.App.4th 974, 979, 21 Cal.Rptr.2d 834 (1993) ("the relationship of a bank-commercial borrower does

26   not constitute a special relationship for the purposes of the covenant of good faith and fair dealing");

27   *Mitsui Manufacturers Bank v. Superior Court*, 212 Cal.App.3d 726, 729 (borrower precluded to assert

28   tortious breach of implied covenant of good faith and fair dealing claim against lender).  As discussed

1   above, a lender generally owes no fiduciary duty to a borrower unless "it excessively controls or

2   dominates the borrower." *Pension Trust Fund*, 307 F.3d at 955.

3       No special relationship arises between mortgage lender DHI Mortgage and the borrower plaintiff.

4   No special relationship arises between the title company and the borrower plaintiff, either.   The

5   complaint makes no attempt to allege such a special relationship with meaningful facts.  The breach of

6   implied covenant of good faith and fair dealing claim fails in absence of allegations of a sufficient

7   contractual or special relationship between DHI Mortgage and Chicago Title,  and Ms. Rangel.

8                          **Failure To Produce Note**

9       The complaint's (eighth) failure to produce note claim alleges that defendants "have not

10  produced the Note to prove who the real party in interest is" and "[n]one of the defendants are the real

11  party in interest as they have not provided nor can they provide the Note."

12      DHI Mortgage challenges the claim as incognizable in that is lacks sufficient facts or allegation

13  to permit DHI Mortgage to respond meaningfully.  DHI Mortgage further attacks the claim's lack of

14  grounds for relief against DHI Mortgage.

15      Like many other borrowers subject to foreclosure, Ms. Rangel appears to claim defendants need

16  to possess the original promissory note to permit foreclosure.  Such is not the case in California.

17      "If the trustee's deed recites that all statutory notice requirements and procedures required by law

18  for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has

19  been conducted regularly and properly." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440, 129 Cal.Rptr.2d

20  436 (2003).  The California Court of Appeal has explained non-judicial foreclosure under California

21  Civil Code sections 2924-2924l:

22          The comprehensive statutory framework established to govern nonjudicial
            foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating
23          to notice and right to cure. It would be inconsistent with the comprehensive and
            exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another
24          unrelated cure provision into statutory nonjudicial foreclosure proceedings.

25  *Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994).

26      Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of

27  their authorized agents" may conduct the foreclosure process.  Under California Civil Code section

28  2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent

                                      12

1   for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed

2   substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the

3   beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25

4   Cal.App.4th at 830, 30 Cal.Rptr.2d (1994).

5        "Under Civil Code section 2924, no party needs to physically possess the promissory note."

6   *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, §

7   2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and

8   election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777. An "allegation that

9   the trustee did not have the original note or had not received it is insufficient to render the foreclosure

10   proceeding invalid." *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D. Cal. 2007).

11        Ms. Rangel's failure to produce note claim is incognizable and fails.

## Unfair Lending Practices

13        The complaint's (ninth) unfair lending practices claim alleges that defendants "violated various

14   California Statutes defining unfair lending practices" and "made a home loan to the plaintiff without

15   determining or using commercially reasonable means or mechanisms that the borrowers had the ability

16   to repay the loan."

17        DHI Mortgage faults the claim's failure to identify specific violated statutes and DHI Mortgage's

18   wrongs to violate statutes. DHI Mortgage notes that "[p]laintiffs' recent inability to meet their mortgage

19   obligation does not, in and of itself, mean that DHI Mortgage violated California's unfair lending

20   practices statutes."

21        The (ninth) unfair lending practices claim fails far short of an identifiable claim and fails.

## Restoral Of Good Credit History

23        The complaint's (tenth) "restoral [sic] of good credit history" claim requests "restoral" of Ms.

24   Rangel's "reputation and good credit history." DHI Mortgage correctly notes that the claim merely states

25   a remedy, not a cause of action, and fails since it is premised on Ms. Rangel's other flawed claims.

## Wrongful Foreclosure

27        The complaint's eleventh claim is untitled but appears to claim wrongful foreclosure in that

28   defendants "were aware of senate [sic] Bill 1137, which became law September 8, 2008 and as stated

1  in [California Civil Code] 2923.5, due diligence, which set forth the requirement that any or all notice

2  of default and or [sic] Notice of Trustee Sale must include a statement of affirmation reflecting that the

3  Beneficiary and or [sic] its authorize [sic] trustee has complied within the herein above statute.  Plaintiff

4  state [sic] that the Notice of Default filed on DECEMBER 08, 2008 must be set aside for willful failure

5  to comply with the law."

6       California Civil Code section 2923.5 ("section 2923.5") requires a lender or its agent to attempt

7  to contact a defaulted borrower prior to foreclosure.  Section 2923.5(a)(2) requires a "mortgagee,

8  beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess

9  the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Section

10  2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or

11  authorized agent" of compliance with section 2923.5, including attempt "with due diligence to contact

12  the borrower as required by this section."

13       DHI Mortgage notes the absence of allegations that it participated in the notice of default or

14  notice of trustee sale and that the complaint fails to identify who issued and recorded the notice of

15  default.  DHI Mortgage is correct that the claim lacks sufficient allegations for a viable claim.

16  Accordingly, this cause of action is dismissed against DHI Mortgage and Chicago Title.

17  **<u>Further Fraud And Breach Of Fiduciary Duty</u>**

18       The complaint's (twelfth) claim is entitled "Unfair Lending Practices" but appears to attempt to

19  re-allege fraud and breach of fiduciary claims.  The claim alleges that "defendants committed acts of

20  misrepresentations and fraud as so [sic] the terms of the loans, mortgage, and sale of the property with

21  the intent to exert undue influence."  The claim further alleges: "Due the defendants [sic] undue

22  influence, they received a deed of trust to the property for a loan that plaintiff should not have given or

23  been allowed to take."

24       To the extent the claim seeks to recover for fraud and breach of fiduciary duty, it fails for the

25  reasons discussed above.  To the extent it attempts to allege undue influence, it also fails.

26       Undue influence "involves a type of mismatch."  *Myerchin v. Family Benefits, Inc.*, 162

27  Cal.App.4th 1526, 1540, 76 Cal.Rptr.3d 816 (2008).  Undue influence is "generally accompanied by

28  certain characteristics which tend to create a pattern. The pattern usually involves several of the

following elements: (1) discussion of the transaction at an unusual or inappropriate time, (2) consummation of the transaction in an unusual place, (3) insistent demand that the business be finished at once, (4) extreme emphasis on untoward consequences of delay, (5) the use of multiple persuaders by the dominant side against a single servient party, (6) absence of third-party advisers to the servient party, (7) statements that there is no time to consult financial advisers or attorneys." *Myerchin*, 162 Cal.App.4th at 1540.

DHI Mortgage correctly notes the absence of allegations of a pattern of activity to support undue influence. The twelfth claim fails against both defendants.

### Restrain Wrongful Foreclosure

The complaint's (thirteenth) claim "To restrain a Wrongful Foreclosure" alleges that the "representation as stated on the Notice of Default were [sic] a false representation" and that defendants "have foreclosed on a property that they had no right to foreclose upon." The claim includes identical allegations as the (eighth) failure to produce note claim regarding lack of physical possession of the promissory notes.

Like similar claims, the restrain wrongful foreclosure claim is deficient. The claim fails to allege that DHI Mortgage commenced foreclosure and to identify the text, source and alleged reliance on a misrepresentation. The claim pinpoints no alleged wrongdoing to a specific defendant with requisite sufficiency. To the extent the claim seeks equitable relief, it fails in that it is premised on the other flawed claims.

### Punitive Damages

The (sixth) intentional misrepresentation and (twelfth) unfair lending practices claims, and the complaint's prayer, reference punitive damages. DHI Mortgage seeks to strike the punitive damages claims in the absence of viable fraud and undue influence claims.

Fed. R. Civ. P. 12(f) empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a Rule 12(f) motion to strike is to avoid the

1  expenditure of time and money that must arise from litigating spurious issues by dispensing with those

2  issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy,*

3  *Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*,

4  510 U.S. 517, 114 S.Ct. 1023 (1994). "[A] motion to strike may be used to strike any part of the prayer

5  for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922

6  F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996). In the absence of viable claims, Ms. Rangel's lack a claim

7  for punitive damages to warrant striking references to and prayer for punitive damages.

8                                      **Attempt At Amendment**

9         Ms. Rangel's claims are incognizable or barred as a matter of law. Ms. Rangel is unable to cure

10  her claims by allegation of other facts and thus is not granted an attempt to amend.

11                                **CONCLUSION AND ORDER**

12         For the reasons discussed above, this Court:

13         1.     DISMISSES this action with prejudice against DHI Mortgage;

14         2.     DISMISSES this action with prejudice against Chicago Title

15         3.     DIRECTS the clerk to enter judgment in favor of defendants DHI Mortgage Company,

16                Ltd. and Chicago Title Company and against plaintiff Marina Rios Rangel; and

17         4.     ORDERS Ms. Rangel, no later than July 30, 2009, to file papers to show cause why this

18                Court should not dismiss this action against defendants Mortgage Electronic Registration

19                Systems, America's Servicing Company, NDEX West, LLC, Wells Fargo, HSBC Bank

20                USA, and Citimortgage.

21         **This Court ADMONISHES Ms. Rangel that this Court will dismiss this action against**

22  **defendants Mortgage Electronic Registration Systems, America's Servicing Company, NDEX**

23  **West, LLC, Wells Fargo, HSBC Bank USA, and Citimortgage if she fails to comply with this order**

24  **and fails to file timely papers to show cause why this Court should not dismiss these defendants.**

25         IT IS SO ORDERED.

26  **Dated:   July 20, 2009                          /s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

27

28